IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER TRIPLETT, | ) | CASE NO. 1:20 CV 2283 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CUYAHOGA COUNTY COURT | ) | |
| OF COMMON PLEAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Walter Triplett, an inmate in the Richland Correctional Institution, brings this action under 42 U.S.C. § 1983 against the Cuyahoga County Court of Common Pleas, Cuyahoga County Common Pleas Court Judge Shirley Strickland-Saffold, and Assistant Cuyahoga County Prosecutor Richard K. Bombik. In the Complaint, he contends he was denied a racially diverse jury at his trial. He indicates that if his jury was more racially diverse, he would not have been convicted. He seeks monetary damages.

**Factual and Procedural Background**

Plaintiff indicates he was tried and convicted by a jury in the Cuyahoga County Court of Common Pleas in 2009 and 2011 on charges of involuntary manslaughter and felonious assault.[1]

---

[1] These cases both stem from the same charges and same incident. Plaintiff was originally tried on charges of involuntary manslaughter and felonious assault under Cuyahoga County Case No. CR-09-523894. A jury convicted him of felonious assault but was unable to reach a verdict on the involuntary manslaughter charge. Plaintiff appealed his conviction and the Ohio Eighth District Court of Appeals reversed and remanded it to the trial court. The State reindicted Plaintiff on the
(continued...)

He contends both juries were composed entirely of Caucasian jurors even though the jury pool was more diverse. He asserts that the Judge and the Assistant Prosecutor conspired to eliminate non-Caucasian individuals from the jury that was seated. He states that a more diverse jury would have been sympathetic to his defense that he was acting to protect his sister. He seeks monetary damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

---

[1](...continued)
same charges under Case No. CR-11-554247 and dismissed Case No. CR-09-523894. Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, if the Court agreed that Plaintiff's jury composition denied him a fair trial, the validity of his conviction would be called into question. Plaintiff therefore cannot proceed with a suit for damages on this claim unless his conviction was overturned on appeal or set aside by a federal habeas corpus petition. Neither of these has occurred. Plaintiff cannot proceed with this claim in a civil rights action.

Furthermore, both the judge and the prosecutor are immune from suit. Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff alleges that Judge Strickland-Saffold did not insist on a racially diverse jury in his case. She was clearly acting as a judge in making decisions pertaining to the seating of a jury. Criminal cases are within the jurisdiction of the Cuyahoga County Court of Common Pleas. Judge Strickland-Saffold is absolutely immune from damages.

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976);

*Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Absolute immunity is extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Again, Plaintiff alleges that Assistant County Prosecutor Bombik made challenges to jurors so that his jury was not racially diverse. This action is clearly that of an advocate of the state. He is absolutely immune from suits for damages.

Finally, even if Plaintiff's claims were cognizable in a civil rights action and the Defendants were not immune, the statute of limitations expired for these claims. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place in 2011. This action was filed in 2020, well beyond the expiration of the two-year statute of limitations period.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[2]

     IT IS SO ORDERED.

                                                         DONALD C. NUGENT
                                                         UNITED STATES DISTRICT JUDGE

Dated: February 16, 2021

---

[2]   28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.